Susan M. Rotkis (AZ: 032866)
*Admitted pro hac vice*
**CONSUMER ATTORNEYS**
2290 East Speedway Blvd.
Tucson, AZ 85716
T: (602) 807-1504
F: (718) 715-1750
E: srotkis@consumerattorneys.com

Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiffs,*
*Hala Ahmed and Maali Salim,*
*on behalf of themselves and all similarly situated individuals*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HALA AHMED and MAALI SALIM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANS UNION LLC, TRANSUNION RENTAL SCREENING SOLUTIONS, INC. and RENTSPREE, INC.,<br><br>Defendants. | Case No.: 8:24-cv-00057-DOC-DFM<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conf.: June 24, 2024 at 8:30 a.m. |

Pursuant to the Court's Order Setting Scheduling Conference (Doc. 32), the

- 1 -

Parties hereby submit this Rule 26(f) Report.

**(1)**       <u>**A short factual summary of the case and of claims and defenses.**</u>

**Plaintiffs:** This is a putative class action based on the experience of Plaintiffs Hala Ahmed and Maali Salim (collectively, "Plaintiffs") on behalf of themselves and all consumers who were subjected to the same illegal consumer reporting by the Defendants. The Plaintiffs were denied housing because of Defendants' false consumer reporting about them to their prospective landlords. Defendants published false information containing a "Fraud Indicator" that the Plaintiffs' social security numbers were invalid. This communicated to the landlord that the Plaintiffs were fraudsters. This is particularly outrageous because the Defendants conduct targeted the Plaintiffs' based on their immigration status, race, and/or national origin.

Plaintiffs filed this action on January 10, 2024, violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785 *et seq*., and the California's Unruh Civil Rights Act ("UNRUH"), Cal. Civ. Code § 51 *et seq*. Defendants' blatant inaccurate reporting occurred when RentSpree prepared a consumer report about the Plaintiffs by assembling and/or merging the information it obtained from Defendant TURSS and sold the consumer packaged information to the landlord. TURSS obtained consumer information about the Plaintiffs from its parent company, TransUnion, that wrongfully reported to the landlord the Fraud

Indicator - "SSN may be invalid – it was either very recently or never issued by the Social Security Administration." This indicates that the Plaintiffs are fraudsters who are unworthy of being extended a lease. Plaintiffs rental application was denied as a result of this inaccurate reporting.

Accordingly, Plaintiffs bring claims against the Defendants for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b), the CCRAA, Cal. Civ. Code § 1785.14 and UNRUH, Cal. Civ. Code § 51.

As part of this action, Plaintiffs seek actual, statutory, and punitive damages, emotional distress damages, and costs and attorneys' fees from the Defendants for their willful and/or negligent violations of the FCRA, the CCRAA and UNRUH, as described herein.

**TransUnion**: TransUnion denies that it violated the FCRA, CCRA, or the Unruh Act. More specifically, any consumer report that TransUnion provided to a third party regarding Plaintiffs was accurate and complete. TransUnion denies that this case is appropriate for class certification or that Plaintiffs are appropriate class representatives. TransUnion denies that any consumer report it may have provided to a potential landlord of Plaintiffs was the reason that that landlord denied Plaintiffs' rental application. Moreover, certain of Plaintiffs' claims are time-barred. Last, TransUnion is not a business establishment under the Unruh act and

denies that it discriminated against Plaintiffs based upon their race or national origin.

**TURSS**: TURSS denies that it violated the FCRA, CCRA, or the Unruh Act. More specifically, any consumer report that TURSS provided to a third party regarding Plaintiffs was accurate and complete. TURSS denies that this case is appropriate for class certification or that Plaintiffs are appropriate class representatives. TURSS denies that any consumer report it may have provided to a potential landlord of Plaintiffs was the reason that that landlord denied Plaintiffs' rental application. Moreover, certain of Plaintiffs' claims are time-barred. Last, TURSS is not a business establishment under the Unruh act and denies that it discriminated against Plaintiffs based upon their race or national origin.

**RentSpree**: RentSpree operates an online platform and related software geared toward making the home rental and tenant verification process more efficient for renters, landlords, property managers, and agents. Rentspree denies that it is a "reseller" as that term is defined within the Fair Credit Reporting Act ("FCRA"). Additionally, and/or in the alternative, RentSpree denies that it violated any provision under the FCRA in relation to Plaintiffs. RentSpree further alleges that Plaintiffs' rights and remedies are limited by the terms of RentSpree Terms of Use. RentSpree denies that it caused any damages alleged by Plaintiffs, and denies Plaintiffs are entitled to any and all relief sought from RentSpree, including punitive

damages or attorney's fees. In addition, some of Plaintiffs' claims are time-barred. Finally, RentSpree is not a business establishment under the Unruh Act and denies that it discriminated against Plaintiffs based upon their race or national origin. RentSpree bases this statement on the facts and information currently available to it. In making this statement, RentSpree does not waive any defenses it has asserted in response to Plaintiff's Complaint, and because discovery has not yet commenced, RentSpree respectfully reserves the right to supplement its summary if necessary as this case and the facts develop.

**(2)** **A short synopsis of the principal issues in the case.**

**Plaintiffs**: The principal issues in the case are:

a. Whether the Defendants negligently and/or willfully violated 15 U.S.C. § 1681e(b), Cal. Civ. Code § 1785.14 and Cal. Civ. Code § 51 by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiffs' consumer report(s);

b. Whether Plaintiffs' consumer report(s) were inaccurate and/or materially misleading;

c. Whether the Defendants followed reasonable procedures to ensure the maximum possible accuracy of the information in Plaintiffs' consumer report(s);

d. Whether Defendants instituted a policy of designating consumers with

recently-issued social security numbers as fraud risks, wrongly labeling numerous consumers as fraudsters when they are in fact immigrants to the United States.

e. Whether the Defendants are each individually liable to Plaintiffs for statutory and actual damages in amounts to be determined at trial pursuant to 15 U.S.C. §§ 1681n, 1681o and Cal. Civ. Code § 1785.31(a)(1-2);

f. Whether the Defendants are each individually liable for Plaintiffs' reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o and Cal. Civ. Code § 1785.31(d); and

g. Whether the Defendants are each individually liable to Plaintiffs for punitive damages to be determined at trial, for the sake of example and punishing Defendant for its intentional, reckless, and/or willful conduct, pursuant to 15 U.S.C. § 1681n and/or Cal. Civ. Code §§ 1785.31(a)(1-2), 3294.

h. Whether there is a class of similarly situated consumers who are numerous; whether the Defendants treated other consumers in the same illegal way they treated the Plaintiffs; whether labeling immigrants as fraudsters violated their consumer and civil rights; whether the Defendants followed uniform policies and procedures;

whether the Plaintiffs have any conflicts with the class; whether the class action vehicle is the superior method of resolving the claims; and whether the class injuries predominate over individual injuries.

**TransUnion**: The principal issues in the case are whether: (i) Plaintiffs can prove that TransUnion violated the FCRA, CCRA, or the Unruh Act; (ii) TransUnion caused Plaintiffs any injury or damages; (iii) Plaintiffs can provide that this demonstrate that a class can and should be certified; and (iv) whether Plaintiffs are appropriate class representatives.

**TURSS**: The principal issues in the case are whether: (i) Plaintiffs can prove that TURSS violated the FCRA, CCRA, or the Unruh Act; (ii) TURSS caused Plaintiffs any injury or damages; (iii) Plaintiffs can provide that this demonstrate that a class can and should be certified; and (iv) whether Plaintiffs are appropriate class representatives.

**RentSpree:** The principal issues in the case are: (i) whether RentSpree is a "reseller" under the FCRA; (ii) whether Plaintiffs can prove that RentSpree violated the FCRA, CCRA, or the Unruh Act; (iii) whether RentSpree caused Plaintiffs any injury or damages; (iv) whether Plaintiffs can demonstrate that a class can and should be certified; and (v) whether Plaintiffs are appropriate class representatives.

//

**(3)** **A statement of whether parties are likely to be added and whether the pleadings are likely to be amended.**

At this time, the parties do not believe that other parties are likely to be added or that the pleadings are likely to be amended. The parties reserve the right to seek leave to do so if they discover information which would require the addition of another party or amendment of the pleadings.

**(4)** **A statement as to issues which any party believes may be determined by motion and a listing of then−contemplated law and motion matters.**

**Plaintiffs**: Plaintiffs anticipate filing a motion for class certification once class and merits discovery is completed. Plaintiffs anticipate moving for partial summary judgment after discovery is completed as to liability. Plaintiffs anticipate the filing of motions *in limine,* where appropriate, prior to trial. Plaintiffs reserve the right to file other motions, including discovery motions and other pre-trial motions, where appropriate.

**TransUnion:** TransUnion anticipates that it will move for summary judgment at an appropriate time. If necessary and appropriate, TransUnion may file discovery motions, motions to exclude expert testimony, and motions in *limine* before trial.

**TURSS**: TURSS anticipates that it will move for summary judgment at an appropriate time. If necessary and appropriate, TURSS may file discovery motions, motions to exclude expert testimony, and motions in *limine* before trial.

**RentSpree**: RentSpree is considering whether to file a partial Motion For Judgment on the Pleadings on the grounds that it is not a "reseller" under the FCRA and anticipates that it will move for summary judgment at an appropriate time. If necessary and appropriate, RentSpree may file discovery motions, motions to exclude expert testimony, and motions in limine before trial.

**(5)** **A statement of what settlement discussions have occurred (specifically excluding any statement of the terms discussed) and what settlement procedure is recommended, pursuant to Local Rules 16−15 through 16−15.9.**

At Defendants' request, Plaintiffs provided a class wide settlement demand on May 7, 2024. The parties agree to participate in a settlement conference before Magistrate McCormick.

Plaintiffs suggest a settlement conference following fact discovery would be most beneficial as the Parties could benefit from a developed factual record.

Defendants suggest that the settlement conference occur 90 days before the close of fact discovery.

**(6)** **A discovery plan, which should set forth discovery phases, the order of discovery, and any limitations on discovery.**

The parties do not believe that class and merits discovery should be bifurcated. The parties propose that they first conduct fact discovery followed by expert discovery with the following schedule:

**Proposed Schedule**

**Initial Disclosures**: The parties shall exchange initial disclosures no later

than June 17, 2024.

**Proposed Protective Order**: The parties shall submit a proposed protective order for the Court's approval no later than July 1, 2024.

**Fact Discovery Cut-Off**: January 17, 2025.

**Deadline for Plaintiffs' Class and Merits Expert Reports**: February 14, 2025.

**Deadline for Defendants' Class and Merits Expert Reports:** March 7, 2025.

**Deadline for Plaintiffs' Rebuttal Class and Merits Expert Reports**: March 28, 2025.

**Expert Discovery Cut-Off**: April 25, 2025.

**Deadline for Motion for Class Certification and *Daubert* Motions Related to Class Certification:** May 23, 2025.

**Deadline for Oppositions to Motion for Class Certification and *Daubert* Motions Related to Class Certification:** June 20, 2025.

**Deadline for Replies in Further Support of Motion for Class Certification and *Daubert* Motions Related to Class Certification**: July 11, 2025.

**Other Relevant Issues**

**Plaintiffs:** Plaintiffs do not believe discovery should be conducted in phases. Class certification requires both class and merits issues in order to conduct the

rigorous analysis required by *Dukes v. WalMart*, 564 U.S. 338 (2011). Plaintiffs do not believe any limitations other than those prescribed under the Federal Rules of Civil Procedure are necessary, except as noted below.

Plaintiffs anticipate serving written discovery requests on the Defendants prior to the Scheduling Conference and after the 26(f) meeting. Thereafter, Plaintiffs anticipate taking the depositions of the Defendants' employee fact witnesses and corporate designees, as well as third parties, depending on the information learned through discovery. The Plaintiff will examine the Defendant corporations on their policies and procedures for using consumer information to derive a fraud indicator and report, to ensure that their policies and procedures to not violate the consumer and civil rights of consumers, whether and what steps Defendants interpretation of their duties under the Fair Credit Reporting Act, the Rule 23 elements to determine whether a class exists, the policies and procedures used for interpreting and reporting social security number information to third parties, and whether the Defendants conduct was in reckless disregard of the Plaintiffs' consumer rights. Plaintiffs also anticipate conducting third-party discovery, including serving subpoenas for documents and deposition testimony on the entities that denied Plaintiffs' rental applications and supplied social security number and other information to the Defendants about the Plaintiffs. Further, given the facts of this case, Plaintiffs anticipate retaining an expert in credit reporting (and/or rebuttal expert if needed).

Given the number of Defendants in this case, that there will be at least three corporate representatives, third-parties, and the likelihood of experts, Plaintiffs request a minimum of 15 depositions in total. Plaintiff reserves the right to move the court for additional depositions as necessary.

**Defendants' Proposed Limitations on Discovery**: Each side shall serve no more than 25 interrogatories, 100 requests for admission, and shall take no more than 10 depositions. The parties reserve the right to move the Court for additional depositions as necessary.

**Electronic Service:** The parties agree that, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and 6(d), any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record) or, if too voluminous for email, by an agreed service such as FTP site or Dropbox. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If a document is a spreadsheet, it may be produced in its native format. Otherwise, the parties will meet and confer if the document production is impossible to produce in .doc or .pdf. If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

//

| PARTY: | E-MAIL SERVICE ADDRESSES: |
|---|---|
| Plaintiffs Hala Ahmed and Maali Salim | Susan Rotkis (srotkis@consumerattorneys.com)<br>Youssef Hammoud (yh@lawhammoud.com)<br>Roxanne Harris (rharris@consumerattorneys.com)<br>Meir Rubinov (mrubinov@consumerattorneys.com)<br>Hammoud Law, P.C. (eservice@lawhammoud.com) |
| Defendant Trans Union | Samantha L. Southall (samantha.southall@bipc.com)<br>Patrick D. Doran (patrick.doran@bipc.com)<br>Christian K. Kohlsaat (christian.kohlsaat@bipc.com)<br>Natalie N. Peled (natalie.peled@bipc.com) |
| Defendant TURSS | Samantha L. Southall (samantha.southall@bipc.com)<br>Patrick D. Doran (patrick.doran@bipc.com)<br>Christian K. Kohlsaat (christian.kohlsaat@bipc.com)<br>Natalie N. Peled (natalie.peled@bipc.com) |
| Defendant RentSpree | jwade@qslwm.com<br>cnicodemus@qslwm.com<br>paralegals-indianapolis@qslwm.com<br>And other counsel of record |

**ESI:** The parties acknowledge their obligations to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties will conduct reasonable searches of all reasonably accessible sources which they have reason to believe may contain ESI responsive to the opposing party's discovery requests. Should any dispute concerning ESI arise during the pendency of this matter, the parties shall meet and

confer before seeking Court intervention.

(7) **A statement of whether trial will be by jury or to the Court and a realistic estimated length of trial (mindful that the Court generally conducts a four (4) day timed jury trial, where each side is given ten (10) hours, excluding jury selection, opening statement, and closing argument).**

**Plaintiff:** Plaintiffs requested a jury trial in their Complaint. Plaintiffs anticipates that the jury trial will last 7-10 days given the number of Defendants and claims at issue in this case, the number of entities that denied Plaintiffs' rental applications, and the likelihood of experts. At this time, Plaintiffs believe they have been denied housing by at least one entity, Plaintiff may identify other alleged rental/credit denials through discovery.

**TransUnion:** TransUnion expects that it should be able to complete this jury trial within four trial days.

**TURSS**: TURSS expects that it should be able to complete this jury trial within four trial days.

**RentSpree:** RentSpree expects that it should be able to complete this jury trial within four trial days.

(8) **A statement of any other issues affecting the status or management of the case; and four proposed, specific dates as follows:**

    a.    Fact Discovery Cut-Off: **January 20, 2025.**

    b.    Final Motion Cut-Off [Monday - day on which all motions for summary judgment will be heard]: **September 15, 2025.**

- 14 -

    c.    Final Pretrial Conference [Monday]: **November 3, 2025.**

    d.    Trial [Tuesday]: **December 9, 2025.**

RESPECTFULLY SUBMITTED,

DATED: June 10, 2024

By: */s/ Susan M. Rotkis*
Susan M. Rotkis (AZ: 032866)
*Admitted pro hac vice*
CONSUMER ATTORNEYS
Youssef H. Hammoud (SBN: 321934)
HAMMOUD LAW, P.C.
*Attorneys for Plaintiffs,*
*Hala Ahmed and Maali Salim,*
*on behalf of themselves and all*
*similarly situated individuals*

DATED: June 10, 2024

By: */s/ Jennifer M. Wade*
Jennifer M. Wade, Esq.
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C
*Counsel for RentSpree,Inc.*

DATED: June 10, 2024

By: */s/ Samantha Southall*
Samantha Southall, Esq.
BUCHANAN INGERSOLL &
ROONEY LLP
*Counsel for Trans Union LLC and*
*TransUnion Rental Screening*
*Solutions, Inc.*

- 15 -

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2), I hereby certify that all other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing, and have authorized the filing.

DATED: June 10, 2024                          By: */s/ Susan Rotkis*
                                                                   *Attorneys for Plaintiffs,*
                                                                   *Hala Ahmed and Maali Salim,*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Roxanne Harris*